UNITED STATES, Appellee,

v.

Sergeant First Class Homer R. LANGSTON, United States Army, Appellant.

ARMY 9700358.

U.S. Army Court of Criminal Appeals.

20 Jan. 1999.

For Appellant: Captain Arden B. Levy, JA (argued); Colonel John T. Phelps II, JA; Lieutenant Colonel Michael L. Walters, JA; Major Holly S.G. Coffey, JA (on brief); Lieutenant Colonel Adele H. Odegard, JA; Captain Joshua E. Braunstein, JA.

For Appellee: Major Patricia A. Ham, JA (argued); Colonel Russell S. Estey, JA; Lieutenant Colonel Eugene R. Milhizer, JA; Lieutenant Colonel Paul E. Jordan, JA, USAR (on brief).

Before CAIRNS, Senior Judge, KAPLAN, and MERCK, Appellate Military Judges.

## OPINION OF THE COURT

MERCK, Judge:

Pursuant to his pleas, the appellant was found guilty by a military judge, sitting as a general court-martial, of maltreatment of subordinates (two specifications), adultery, indecent assault, indecent exposure (two specifications), indecent language (three specifications), and obstruction of justice (two specifications), in violation of Articles 93 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 893 and 934 [hereinafter UCMJ]. Contrary to his pleas, the appellant was convicted by the military judge of maltreatment of a subordinate, indecent assault, indecent exposure, and indecent language in violation of Articles 93 and 134, UCMJ. The convening authority approved the sentence of a dishonorable discharge, confinement for forty-two months, forfeiture of all pay and allowances, and reduction to Private E1.

The case is before the court for automatic review under Article 66, UCMJ. We have considered the record of trial, the appellant's four assignments of error, the government's reply thereto, the matter personally raised by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), and the oral arguments of counsel. We find no basis for granting relief; however, the appellant's first assignment of error warrants discussion: "Whether the military judged (sic) erred by allowing all future witnesses to sit in the courtroom during [the appellant's] providency (sic) inquiry over his objection, thereby prejudicing [the appellant]." The appellant requests that this court dismiss Specification 1 of Charge I (maltreatment of Specialist (SPC) T), Specification 2 of Charge IV (indecent assault of SPC T), Specification 4 of Charge IV (indecent exposure toward SPC T), and Specification 7 of Charge IV (indecent language communicated to Specialist T).

## FACTS

The charges stem from the appellant's conduct while assigned as a platoon sergeant at the confinement facility, Mannheim, Germany. He pleaded guilty to two specifications of maltreatment of two female subordinates on divers occasions by: (1) asking Staff Sergeant (SSG) C the color of her panties, exposing his penis to her, and telling her about different sexual positions and (2) asking Private First Class (PFC) W the color of her panties, making sexually related comments, forcibly touching her in the vaginal area, making her touch his penis, touching her breast, and exposing his penis. He pleaded guilty to indecent exposure and two specifications of indecent language in which SSG C was the victim, involving essentially the same conduct charged in the maltreatment offense. He pleaded guilty to indecent assault, indecent exposure, and indecent language, in which PFC W was the victim, involving essentially the same conduct charged in the maltreatment offense. In addition, the appellant pleaded guilty to two obstruction of justice offenses by: (1) endeavoring to impede a criminal investigation by asking PFC W "not to tell because his career was on the line" and (2) at a later time asking PFC W "not to tell his name because his career, marriage, and his life was on the line," and if she did not tell "he would owe her forever . . . ."

The appellant also pleaded guilty to having committed adultery with SPC T. Contrary to his pleas, he was found guilty of maltreatment on divers occasions of SPC T by touching her breast, asking her the color of her panties, forcibly touching her in the vaginal area, forcing her to touch his penis, making sexually suggestive remarks, exposing his penis, and asking her to perform oral sodomy on him. He was found guilty of indecent assault, indecent exposure, and indecent language in which SPC T was the victim, involving essentially the same conduct as charged in the maltreatment offense. The appellant was found not guilty of housebreaking, raping, and communicating a threat to SPC T.

## EXCLUSION OF WITNESSES

The appellant asserts in his first assignment of error and his brief that he was prejudiced when the three alleged victims, SSG C, SPC T, and PFC W, were allowed in the courtroom during his providence inquiry and later testified at his trial.

After the appellant entered his pleas, the military judge stated that the civilian counsel

had requested that *"certain personnel* be excluded during the providence inquiry." (emphasis added). During this colloquy, these "certain personnel" were never identified. The military judge ruled that "under the applicable M.R.E. [615], a providence inquiry is not testimony and the court will not exclude any personnel during the providency (sic) inquiry. . . ." There was no further objection or discussion during the providence inquiry.

The appellant, by affidavit filed with this court, stated that the three victims were present during his providence inquiry. This court is unable to determine with certainty, however, what witnesses, if any, were present. The record of trial is silent on this point. Assuming, arguendo, that the three victims were present, our analysis will address the following question: what prejudice, if any, did the appellant suffer from having the victim-witnesses hear his providence inquiry?

Military Rule of Evidence 615 [hereinafter Mil.R.Evid.] provides, in part, that at the request of the defense or prosecution the military judge "shall order witnesses excluded so that they cannot hear the testimony of other witnesses." This requirement "does not authorize exclusion of (1) the accused, or (2) a member of an armed service or an employee of the United States designated as representative of the United States by the trial counsel, or (3) a person whose presence is shown by a party to be essential to the presentation of the party's case."

■■■ Similar to the federal rule upon which Mil.R.Evid. 615 is patterned, the exclusion of a prospective witness from hearing the trial testimony of another witness "is to prevent witnesses from shaping their testimony to match another's and to discourage fabrication and collusion." *United States v. Miller*, 48 M.J. 49, 58–59 (1998) and *United States v. Gittens*, 39 M.J. 328, 331–32 (C.M.A. 1994)(both cases citing with approval *United States v. Croom*, 24 M.J. 373, 375 (C.M.A. 1987)). This rule only allows a party the right to exclude witnesses during trial testimony and is not applicable to "arguments, instructions, or ministerial aspects of a trial." *See* STEPHEN A. SALTZBURG ET AL., MILITARY RULES OF EVIDENCE MANUAL 822 (4th ed.1997).

The military judge was correct in his analysis of Mil.R.Evid. 615 when he ruled that it only governs the exclusion of witnesses from the courtroom so they cannot hear the trial testimony of other witnesses.[1] Military Rule of Evidence 615, however, does not govern the posed sequestration issue, i.e., should the victim-witnesses have been excluded from hearing the appellant's providence inquiry.

■■■ Although this is an issue of first impression for this court, it is clear that a military judge's authority and responsibility to exclude victim-witnesses from the courtroom does not first come into existence with the taking of trial testimony. The judge has a constitutional responsibility to ensure that a trial is conducted in a fair and orderly manner. "The judge's power to control the progress and, within the limits of the adversary system, the shape of the trial includes the power to sequester witnesses from the courtroom before, during, and after their tes-

---

1. When litigating a sequestration issue, practitioners must be cognizant of the Victims' Rights and Restitution Act of 1990, 42 U.S.C. § 10606 (1990)(mandating that victim-witnesses have a right to be present at all public court proceedings, "unless the court determines that testimony by the victim would be materially affected if the victim heard other testimony at trial.") *See United States v. Spann*, 48 M.J. 586, 588–89 (N.M.Ct.Crim.App.1998)(holding that the 1990 Victim of Crime Bill of Rights Act (correctly cited as Victims' Rights and Restitution Act of 1990), takes precedence over Mil.R.Evid. 615 and finding no abuse of discretion by the military judge when he determined that the victims could remain in the courtroom during part of the government's rebuttal case and then testify during the sentencing phase of the trial). Additionally, The Victim Rights Clarification Act of 1997, 18 U.S.C. § 3510, effectively prevents a United States district court from excluding the victim of a crime from the trial of a defendant who may later testify or present information in relation to the sentence. Finally, the Supreme Court, approved an amendment, effective 1 December 1998, to Federal Rule of Evidence 615 which would allow crime victims to hear the testimony of other witnesses if "authorized by statute." While these actions taken by Congress and the Supreme Court have no direct impact on appellant's case, they do provide an insight into Congress' and the Supreme Court's view as to the balance to be struck in allowing a victim to attend the trial proceedings.

timony." *Geders v. United States*, 425 U.S. 80, 87, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976); *see also United States v. Sepulveda*, 15 F.3d 1161 (1st Cir.1993); SALTZBURG, *supra* at 822 and 825; and 2 STEPHEN A. SALTZBURG ET AL., FEDERAL RULES OF EVIDENCE MANUAL 1163 (7th ed.1997). *See also generally* Mil. R.Evid. 611.

■ The sworn testimony provided by an appellant during the providence inquiry is akin to trial testimony. *See generally United States v. Irwin*, 42 M.J. 479, 482 (1995)(citing with approval *United States v. Holt*, 27 M.J. 57 (C.M.A.1988)). In evaluating whether to exclude victim-witnesses from an accused's providence inquiry, the military judge must decide if the presence of the victim-witnesses will jeopardize the fairness of the trial. In making this determination, the trial judge must, for example, decide whether or not a victim-witness's testimony would be materially contaminated or affected if that person was later called to testify on the merits or sentencing.[2]

■ We assume for purposes of analysis only, that the three victim-witnesses were present and heard the appellant's providence responses. The victim-witnesses testified on the merits [3] and during the sentencing phase of the trial.[4] The defense counsel never cross-examined SSG C, SPC T, or PFC W to determine if they had been present during the appellant's providence inquiry and, if so, what impact, if any, that presence may have

had on their in-court testimony. The government argues that their testimony was materially consistent with their Article 32 testimony and pretrial sworn statements. The appellant has presented no evidence to the contrary nor shown that the testimonies of the victim-witnesses were contaminated even if they were present during the appellant's providence inquiry. Accordingly, this court finds that the appellant has suffered no prejudice as to findings and sentence.[5]

Although this court cannot conclusively find there was no error because of omissions in the record,[6] error, if any, is harmless to the result in this case and does not provide a basis for relief. Article 59a, UCMJ, and *United States v. Powell*, 49 M.J. 460 (1998).

The remaining allegations of error, to include those raised personally by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), are without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge CAIRNS and Judge KAPLAN concur.

---

2. Although the Victims' Rights and Restitution Act of 1990 does not explicitly apply to a providence inquiry, it is very instructive to the trial judge who is deciding whether to exclude a victim-witness.

3. Specialist T and PFC W testified on the merits. The testimony of PFC W was elicited apparently to establish a pattern of behavior by the appellant under Mil.R.Evid. 404(b). Her testimony on the merits was required because the defense objected to the military judge considering the appellant's responses during the providence inquiry on the contested offenses. After PFC W testified, the defense informed the military judge that they did not object to the military judge's consideration of the appellant's responses concerning his crimes against SSG C.

4. Staff Sergeant C and PFC W testified during the sentencing phase of the trial as to the impact the appellant's crimes had on them.

5. For the applicable standard of review, *see generally United States v. Short*, 41 M.J. 42 (1994); *Gittens*, 39 M.J at 331.

6. All of the assumptions made in this case could have been avoided if a clear record had been made as to which witnesses were requested to be excluded and whether any of those people did in fact remain in the courtroom during the appellant's providence inquiry. "Where factual issues are involved in determining a motion, the military judge shall state the essential findings on the record." *See generally* MANUAL FOR COURTS-MARTIAL, UNITED STATES, R.C.M. 905(d) (1998).