Robert HOLLMAN and Darlene Hollman, Appellants,

v.

DALE ELECTRONIC, INC., Appellee.

Darlene HOLLMAN and Robert Hollman, Appellants,

v.

LIBERTY MUTUAL INSURANCE CO., a corporation, Appellee.

No. 84–1453.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 10, 1984.

Decided Jan. 8, 1985.

Steven M. Johnson, Brady, Kabeiseman, Reade & Johnson, Yankton, S.D., Murray Ogborn, Nelson & Harding, Lincoln, Neb., for appellants.

James E. Doyle, Doyle, Bierle, Porter & Kennedy, Yankton, S.D., for appellee Dale Electronics, Inc.

Woods, Fuller, Shultz & Smith, P.C., Arlo Sommervold and Gary P. Thimsen, Sioux Falls, S.D., for appellee Liberty Mut. Ins. Co.

Before ARNOLD, FAGG and BOWMAN, Circuit Judges.

FAGG, Circuit Judge.

Darlene and Robert Hollman appeal from a jury verdict in favor of Dale Electronics, Inc. (Dale) and Liberty Mutual Insurance Company (Liberty). The Hollmans filed suit against Dale, Darlene Hollman's former employer, and Liberty, Dale's worker's compensation carrier, claiming bad faith in failing to pay benefits on Hollman's worker's compensation claim. On previous appeal to this court, we disagreed with the district court's determination that the South Dakota Worker's Compensation Act provides the exclusive remedy available to the Hollmans, and consequently we reversed a grant of summary judgment in favor of Dale and Liberty. *Hollman v. Liberty Mutual Insurance Co.*, 712 F.2d 1259 (8th Cir.1983). The background facts of this case are articulated in our first opinion and we need not repeat them here. In this appeal, the Hollmans contend that numerous errors committed at trial necessitate a reversal of the jury verdict. Without feeling compelled to discuss each of the Hollmans' contentions, we affirm.

■ The Hollmans initially contend that the district court committed error in refusing to allow them to introduce into evidence the decisions of the South Dakota Department of Labor and the South Dakota state courts finding Hollman entitled to worker's compensation benefits. They also contend that the principles of collateral estoppel prevent the parties from relitigating the issue of whether Hollman was exposed to toluene di isocyanate (TDI) and whether TDI caused her permanent disability. It was not improper to refuse to admit the decisions resolving Hollman's worker's compensation claim. Not only did Liberty's defense counsel in opening statements acknowledge that Hollman's worker's compensation claim was resolved in her favor, but the court instructed the jury that it had been judicially determined that Hollman was entitled to recover worker's compensation benefits and that this determination was one of the factors for the jury to consider in determining whether Dale and Liberty acted in bad faith. Nor did the district court permit the parties to relitigate the issues of whether Hollman had been exposed to TDI and whether that exposure caused her permanent disability. The evidence admitted was necessary to a fair resolution of the question of whether Dale and Liberty in bad faith denied Hollman's claim.

■ The Hollmans also claim error in the district court's refusal to admit into evidence the depositions of Liberty's claims personnel. Although we agree with the district court that the depositional testimony of Robin Heine and Steven Keene was cumulative, we believe that a portion of the depositional testimony of Stanley Peterson was noncumulative and relevant to resolving the issue of Dale's and Liberty's bad

faith. When questioning Peterson as to why Liberty refused to make a lump sum payment to Hollman, Hollman's counsel asked whether the possibility of being relieved of making periodic payments if Hollman died was a motivating factor in Liberty's decision. Peterson made no denials and only responded that "[w]e are protecting our policyholder's interest." Although we believe this testimony should have been admitted into evidence, we cannot say that in the context of the entire record exclusion of the evidence constitutes reversible error.

■ The Hollmans also claim error in the district court's refusal to sequester the defendants' witnesses. The Federal Rules of Evidence provide, with certain exceptions, that upon request of a party, "the court *shall* order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion." Fed.R.Evid. 615 (emphasis added). "It is clear from the wording of Rule 615 that generally the exclusion of witnesses so they cannot hear the testimony of other witnesses is required when requested by a party." *Wood v. Southwestern Bell Telephone Co.*, 637 F.2d 1188, 1194 (8th Cir.), *cert. denied*, 454 U.S. 837, 102 S.Ct. 142, 70 L.Ed.2d 118 (1981) (citations omitted).

The district court should have sequestered Dale's and Liberty's witnesses when requested to do so by the Hollmans. The Hollmans have failed to show, however, that they were prejudiced by the court's refusal and thus we conclude that the error in this case was harmless. Each of the witnesses that the district court failed to sequester was deposed prior to trial, and consequently their depositions were available for impeachment in the event of inconsistent testimony.

The Hollmans have raised numerous other errors in this appeal respecting evidentiary rulings, jury instructions, damages, and their new trial motion. We have carefully reviewed the record and have studied the briefs and arguments of the parties. After studying each assignment of error, we conclude that no prejudicial error exists in any respect urged by the Hollmans.

We affirm.