**UNITED STATES of America, Plaintiff,**

v.

**Timothy James McVEIGH and Terry Lynn Nichols, Defendants.**

**Criminal Action No. 96–CR–68–M.**

United States District Court,
D. Colorado.

March 25, 1997.

See also, 955 F.Supp. 1281.

Patrick Ryan, U.S. Atty. for the Western Dist. of Oklahoma, Oklahoma City, OK, Joseph Hartzler, Sp. Asst. U.S. Atty., Assigned from S.D. Illinois, Denver, CO, for plaintiff.

Stephen Jones, Richard H. Burr, III, Robert Nigh, Jr., Jones, Wyatt & Roberts, Enid, OK, Jeralyn E. Merritt, Denver, CO, for McVeigh.

Michael Tigar, Ronald G. Woods, N. Reid Neureiter, Denver, CO, for Nichols.

### ORDER AMENDING ORDER UNDER RULE 615

MATSCH, Chief Judge.

On October 20, 1995, the government filed notices of intention to seek the death penalty as to each of the defendants upon conviction of any of the charges against them, thereby invoking the provisions of the Federal Death Penalty Act, 18 U.S.C. §§ 3591–3596. Among the aggravating factors identified in those notices is the following:

> 4. Victim impact evidence concerning the effect of the defendant's offense(s) on the victims and the victims' families, as evidenced by oral testimony and victim impact statements that identify the victims of the offense(s) and the extent and scope of injury and loss suffered by the victims and the victims' families.

Congress expressly authorized including this factor in such a notice pursuant to § 3593(a) but did not particularize the scope of the information that may be presented to the jury at a sentencing hearing. As observed in this court's earlier Memorandum Opinion and Order on Motions Addressed to Death Penalty Notice, entered September 25, 1996, 944 F.Supp. 1478 (D.Colo.1996), this is the most problematical of the aggravating factors and may present the greatest difficulty in determining the admissibility of information at a penalty hearing. In 1987, the Supreme Court declared in *Booth v. Maryland,* 482 U.S. 496, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987), that the use of a victim impact statement based on interviews with the family survivors of a murdered elderly couple violated the Eighth Amendment. Two years later, the Court held in *South Carolina v. Gathers,* 490 U.S. 805, 109 S.Ct. 2207, 104 L.Ed.2d 876 (1989), that a prosecutor's closing argument was grounds for reversing a death sentence in a murder case because of extensive reference to inferences regarding the victim because a prayer card and a voter's registration card were found near his body.

In 1991, the Supreme Court overruled those prior decisions insofar as they imposed a *per se* rule of inadmissibility of victim impact evidence. The Court held in *Payne v. Tennessee,* 501 U.S. 808, 111 S.Ct. 2597, 115 L.Ed.2d 720 (1991), that there was no Eighth Amendment violation in a penalty hearing which included testimony from a grandmother about the effects on her young grandson of the murders of his mother and sister and

the prosecutor's comments on those effects in his closing argument. In the Court's opinion and in concurring opinions, the justices recognized the potential for inflammatory effects of such evidence and cautioned that it could render the proceeding fundamentally unfair in violation of the Due Process Clause. In reversing the *per se* exclusion in the prior cases, the Court expressly recognized the requirement that trial courts exercise their discretion to avoid the influence of passion or prejudice. *Id.* at 825, 111 S.Ct. at 2608.

Because § 3593(a) refers to "the effect of the offense on the victim and the victim's family," this court concluded that persons scheduled to testify about such effects at a penalty hearing should be excluded from pre-trial proceedings and the trial to avoid any influence from that experience on their testimony. Accordingly, such potential penalty witnesses were excluded from the courtroom under Fed.R.Evid. 615 in an oral ruling on the first day of a suppression hearing on June 26, 1996. On July 29, 1996, the government filed a motion to reconsider that ruling, arguing that § 3593(c) explicitly provides that "information" at capital sentencing hearings is not limited by the rules governing admission of evidence at criminal trials "except that information may be excluded if its probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury."

At a hearing on October 4, 1996, the court denied the motion for reconsideration and adhered to the exclusion order to avoid any prejudicial impact from possible emotionally traumatizing effects of what penalty phase witnesses may see and hear at the trial. Thus, the court elected to continue to apply Rule 615 as a prophylactic measure.

On March 19, 1997, the President signed Public Law 105–6, bearing the short title "Victim Rights Clarification Act of 1997." That statute, now in effect, enacted a new provision, codified as 18 U.S.C. § 3510, which includes the following:

> (b) Capital Cases.—Notwithstanding any statute, rule, or other provision of law, a United States district court shall not order any victim of an offense excluded from the trial of a defendant accused of that offense because such victim may, during the sentencing hearing, testify as to the effect of the offense on the victim and the victim's family or as to any other factor for which notice is required under section 3593(a).

It also amended 18 U.S.C. § 3593(c) to read, in pertinent part, as follows:

> Information is admissible regardless of its admissibility under the rules governing admission of evidence at criminal trials except that information may be excluded if its probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury. *For the purposes of the preceding sentence, the fact that a victim, as defined in section 3510, attended or observed the trial shall not be construed to pose a danger of creating unfair prejudice, confusing the issues, or misleading the jury.*

(Amended language in italics.)

This legislation began as H.R. 924. The House Committee on the Judiciary published its report on March 17, 1997, together with dissenting views. The members of Congress who were signatory to those dissenting views expressed concern about the constitutionality of the legislation as applied to this case, and the floor debate on March 18, 1997, published in the Congressional Record for March 18, 1997, includes statements of concern about constitutionality from two of those dissenters.

■ The trial of Timothy McVeigh is scheduled to begin on March 31, 1997. A debate now on the constitutionality of this new legislation would result in a delay of that trial. In this court's view, any motions raising constitutional questions about this legislation would be premature and would present issues that are not now ripe for decision. It is clear that the new legislation has no application to fact witnesses testifying at the trial of the charges against Mr. McVeigh. If Timothy McVeigh is acquitted of these charges there will be no sentencing hearing and, therefore, no justiciable issue will arise.

■ If there is a conviction, the court can protect against any prejudicial effect from victim impact witnesses' attendance at

the trial, including the closed circuit telecast of the trial proceedings, by permitting voir dire of victim witnesses outside the presence of the jury before they testify. All interests, including the public interest in proceeding with Mr. McVeigh's trial, can be accommodated by construing Public Law 105–6 as simply reversing the presumption of a prejudicial effect on victim impact testimony of observation of the trial proceedings. Thus, the distinction between the effects of the crime of conviction and any effects from the adjudicative process will still be preserved if this court now reverses the exclusionary order, permits observation of the trial proceedings by potential penalty phase victim impact witnesses and reserves ruling on the admissibility of the testimony of particular witnesses who observed any part of the trial proceedings. Accordingly, it is

ORDERED that the order excluding witnesses under Rule 615 of the Federal Rules of Evidence is amended to permit observation of the trial proceedings in the courtroom and through means of the closed circuit telecast by persons whose potential participation is limited to providing written victim impact statements or testimony at a capital sentencing hearing.