UNITED STATES

v.

Terrance L. SPANN, 252 23 1336, Corporal (E–4), U.S. Marine Corps.

NMCM 96 01420.

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 8 Dec. 1995.

Decided 31 March 1998.

LT Syed N. Ahmad, JAGC, USNR, Appellate Defense Counsel.

LCDR Christian L. Reismeier, JAGC, USN, Appellate Government Counsel.

Before GRANT, Chief Judge, LUCAS, Senior Judge, and OLIVER, Appellate Military Judge.

GRANT, Chief Judge:

In trial by general court-martial before officer members, the appellant was found guilty of rape in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 (1994) [hereinafter UCMJ], and sentenced to confinement for 1 year, forfeiture of $400.00 pay per month for 6 months, and reduction to paygrade E–1. The convening authority approved the sentence but suspended confinement in excess of 6 months and reduction below E–3.

We have examined the record of trial, the assignments of error,[1] and the Government's response. We conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the sub-stantial rights of the appellant was committed.

## Factual and Legal Sufficiency of the Evidence

The significant factual issue at trial was whether the victim of the alleged rape was asleep at the time of sexual intercourse or whether she was awake and consented to it. In her testimony the victim indicated that she could not recall engaging in sexual intercourse because she had passed out; only after the appellant drove her home did she realize what had occurred. The appellant testified that the victim appeared to be awake during the preliminaries, that she cooperated as he helped remove articles of her clothing, that he believed she was awake at the time of sexual intercourse, and that she offered no opposition. However, in his pre-trial admission, which he attempted to recant at trial, the appellant acknowledged that the victim was asleep when he began sexual intercourse.

Rape is the act of sexual intercourse accomplished by force and without consent of the victim. Art. 120, UCMJ, 10 U.S.C. § 920; MANUAL FOR COURTS-MARTIAL, UNITED STATES (1995 ed.), Part. IV, ¶ 45b(1) [hereinafter MCM]. The force component of rape is established by penetration alone (constructive force) if the victim is incapable of consenting because she is asleep, unconscious, or lacks mental capacity. MCM, Part IV, ¶ 45c(1)(b). See United States v. Palmer, 33 M.J. 7, 9 (C.M.A.1991). The Manual for Courts–Martial provides the following as to the lack-of-consent component:

> Consent ... may not be inferred ... where the victim is unable to resist because of the lack of mental or physical faculties. In such a case there is no consent and the force involved in penetration will suffice. All the surrounding circumstances are to be considered in determining whether a victim gave consent....

MCM, Part IV, ¶ 45c(1)(b). See also United States v. Briggs, 46 M.J. 699 (A.F.Ct.Crim. App.1996), pet. granted, 46 M.J. 426

1. I. THE GOVERNMENT FAILED TO PROVE BEYOND REASONABLE DOUBT THAT APPELLANT RAPED MS. __.

II. THE MILITARY JUDGE ERRED WHEN HE FAILED TO REMOVE MS. __ AND HER MOTHER FROM THE COURTROOM.

(1997)(holding that the law does not construe passive acquiescence of a sleeping victim as consent).

■■■ An honest and reasonable belief on the part of an accused that the victim was consenting would provide an affirmative defense to the charge. RULE FOR COURTS-MARTIAL 916(j), MANUAL FOR COURTS-MARTIAL, UNITED STATES (1995 ed.); *United States v. Langley*, 33 M.J. 278 (C.M.A.1991). The mistake cannot be based on the accused's own negligence in failing to discover the true facts; it "must be true and sincere rather than feigned or mere pretext, and it must be reasonable." *United States v. True*, 41 M.J. 424, 426 (1995).

After proper instructions on the law, the court members resolved the consent issue and other factual matters against the appellant, and found him guilty.

■■■ We may affirm only such findings of guilty as we find correct in law and fact. Art. 66(c), UCMJ, 10 U.S.C. § 866(c). The test for legal sufficiency is whether, considering the evidence in the light most favorable to the Government, any rational fact finder could have found all the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *United States v. Turner*, 25 M.J. 324, 324 (C.M.A.1987). When applying this test, we are bound to draw every reasonable inference from the record in favor of the prosecution. *United States v. Blocker*, 32 M.J. 281, 284 (C.M.A.1991). The test for factual sufficiency is whether, after weighing the evidence in the record and making allowances for not having personally observed the witnesses, we are convinced of the appellant's guilt beyond a reasonable doubt. *Turner*, 25 M.J. at 325.

■■■ Having reviewed the testimony, and after applying the tests for legal and factual sufficiency, we conclude that the evidence of record supports the members' finding of guilty beyond any reasonable doubt. We

have no reasonable doubt ourselves that the act of sexual intercourse was with force and without consent and that the appellant did rape the victim, as alleged.

### Failure to Exclude Prospective Witnesses From the Proceedings

The victim and her mother were present in the courtroom during part of the Government's case in rebuttal despite the stated intention of the trial counsel to call them later as witnesses in a possible sentencing phase. They were allowed to remain over objection made by the defense counsel to their presence. In ruling on this issue, the military judge compared Military Rule of Evidence 615, MANUAL FOR COURTS-MARTIAL, UNITED STATES (1995 ed.), which provides for exclusion of a witness at the request of a party so that the witness cannot hear the testimony of another witness, with pertinent requirements of the "Victim of Crime Bill of Rights," found in 42 U.S.C. § 10606. That section provides that a victim has a right to attend, absent a showing that the victim's testimony will be affected by such attendance.

Although neither testified in the rebuttal case on the merits, both the victim and the victim's mother did testify during the sentencing hearing concerning the impact of the rape on the victim and her family. The defense made no effort to show potential impairment to the later testimony at the time they lodged the complaint on witness-presence.

■■■ The purpose of the rule on exclusion of witnesses under Military Rule of Evidence 615 is "to prevent the shaping of testimony by one witness to match that of another, and to discourage fabrication and collusion." *United States v. Croom*, 24 M.J. 373, 375 (C.M.A.1987)(quoting *Miller v. Universal City Studios, Inc.*, 650 F.2d 1365, 1373 (5th Cir.1981)) (citations omitted).

In 1990 Congress enacted the "Victim of Crime Bill of Rights"[2] partly in response to

---

2. The Victim's Bill of Rights was placed in Title 42, U.S.C. and provides in pertinent part as follows:

**10606. Victims' Rights**
 (a) **Best efforts to accord rights.** Officers and employees of the Department of Justice and oth-

a concern that a victim-witness would be routinely excluded from criminal proceedings under Rule 615 of the Federal Rules of Evidence.[3] *See generally* 2 STEPHEN A. SALTZBURG ET AL., FEDERAL RULES OF EVIDENCE MANUAL 1169 (7th ed.1998). But as Professor Saltzburg notes, "it is quite unlikely that a victim's presence at trial would ever taint her sentencing hearing testimony. The issues at trial and sentencing are so different that the risks of taint are remote." *Id.* at 1171.[4]

▮ We review a military judge's ruling admitting or excluding evidence for an abuse of discretion; we consider his conclusions of law under a *de novo* standard of review and we will reverse for an abuse of discretion if his decision is influenced by an erroneous view of the law. *United States v. Sullivan*, 42 M.J. 360, 363 (1995). When the victim and her mother testified in the sentencing hearing, the defense did not object to their testimony. Assuming that the matter is not thereby waived, we agree with the military judge in his preliminary ruling that the statutory provision of 42 U.S.C. § 10606 takes priority over Military Rule of Evidence 615 under the facts of this case. We find no abuse of discretion in the military judge's determination to allow the victim and her mother to remain in the courtroom and then later testify on sentencing.[5] Further, the appellant has not shown any prejudice as a consequence of this testimony on the sentence he did receive. Any error is harmless to the result in this case, and does not provide a basis for relief. Art. 59(a), UCMJ, 10 U.S.C. § 859(a).

## Conclusion

The assigned errors lack substantial merit. Accordingly, we affirm the findings and sentence, as approved on review below.

Senior Judge LUCAS and Judge OLIVER concur.

---

er departments and agencies of the United States engaged in the detection, investigation, or prosecution of crime shall make their best efforts to see that victims of crime are accorded the rights described in subsection (b)....

**(b) Rights of crime victims.** A crime victim has the following rights:

...

(4) The right to be present at all public court proceedings related to the offense, unless the court determines that testimony by the victim would be materially affected if the victim heard other testimony at trial.

...

3. The military counterpart is Military Rule of Evidence 615.

4. Later, after the trial of this case, the Congress went further and enacted "The Victim Rights Clarification Act of 1997," the pertinent section of which is now found at 18 U.S.C. § 3510. That section effectively prevents a United States district court judge from excluding the victim because that victim may later present information or make a statement in relation to the sentence., 2 SALTZBURG at 1171. While this section may not be controlling in the military courtroom, it does indicate congressional intent on the balance to be drawn between the victim's right to attend and the opportunity to exclude under *Rule 615*.

5. For purposes of this discussion we ascribe "victim" status to the mother as well. Her testimony at trial was strictly limited to victim impact. Though she did not suffer the attack, the emotional difficulties of her daughter played on her and other family members. According her this status is reasonable under the definition of "victim" as found in 42 U.S.C. § 10607(e).