UNITED STATES, Appellee,

v.

Homer R. LANGSTON, Sergeant First Class, U.S. Army, Appellant.

No. 99–0419.
Crim.App. No. 9700358.

U.S. Court of Appeals for the Armed Forces.

Argued Jan. 19, 2000.
Decided Aug. 25, 2000.

SULLIVAN, J., delivered the opinion of the Court, in which CRAWFORD, C.J., GIERKE, and EFFRON, JJ., and EVER-ETT, S.J., joined.

For Appellant: *Captain Joshua E. Braunstein* (argued); *Colonel Adele H. Odegard, Major Scott R. Morris* and *Captain Donald P. Chisholm* (on brief); *Colonel John T. Phelps II* and *Captain Kirsten V. Campbell–Brunson.*

For Appellee: *Major Patricia A. Ham* (argued); *Colonel Russell S. Estey* and *Lieutenant Colonel Eugene R. Milhizer* (on brief).

Judge SULLIVAN delivered the opinion of the Court.

In early 1997, appellant was tried by a military judge sitting alone at a general court-martial in Mannheim, Germany. In accordance with his pleas, he was found guilty of maltreatment of a subordinate, adultery, indecent assault, using indecent language, indecent exposure, and obstruction of justice, in violation of Articles 93 and 134,

Uniform Code of Military Justice, 10 USC §§ 893 and 934, respectively. Contrary to his pleas, he was also found guilty of additional specifications of the offenses to which he pleaded guilty. He was sentenced to a dishonorable discharge, confinement for 42 months, total forfeitures, and reduction to the grade of E–1. The convening authority approved the sentence as adjudged on June 20, 1997, and the Army Court of Criminal Appeals affirmed. *See United States v. Langston*, 50 MJ 514 (Army Ct.Crim.App. 1999).

On September 1, 1999, this Court granted review of the following two issues:

## I

WHETHER THE ARMY COURT OF CRIMINAL APPEALS ERRED BY HOLDING MIL.R.EVID. 615 DID NOT APPLY TO THE PROVIDENCE INQUIRY AND THAT THE MILITARY JUDGE WAS NOT OBLIGATED TO SEQUESTER CERTAIN WITNESSES AT THE REQUEST OF THE DEFENSE.

## II

WHETHER THE MILITARY JUDGE ERRED BY ALLOWING MERITS WITNESSES TO SIT IN THE COURTROOM DURING SFC LANGSTON'S PROVIDENCE INQUIRY OVER HIS OBJECTION, THEREBY PREJUDICING SFC LANGSTON.

We hold that Mil.R.Evid. 615, Manual for Courts–Martial, United States (1995 ed.), did apply to appellant's providence inquiry in this mixed-pleas case. *See United States v. Spann*, 51 MJ 89, 93 (1999) (holding Mil. R.Evid. 615 applies in contested case where victim-witness who was spectator only testifies on sentence). Nevertheless, we conclude that appellant was not prejudiced by the military judge's failure to sequester the three victim-witnesses as required by this evidentiary rule. *Id. See* Article 59(a), UCMJ, 10 USC § 859(a).

Appellant is a married soldier with approximately 18½ years of active service. He began his initial tour of enlistment in 1967, served in Vietnam, and then had almost a 12–year break in his military service before returning to active duty in 1981. At the time of these offenses, appellant was assigned to the staff at Mannheim prison in Germany as a platoon sergeant where he repeatedly maltreated three female prison staff members, Specialist (SPC) T, Private First Class (PFC) W, and Staff Sergeant (SSG) C, by making offensive sexual remarks and advances, committing indecent assaults, and indecently exposing himself to them.

At this court-martial, after appellant entered his pleas, the military judge stated, "[Y]ou've requested, Mr. Cohen, that I exclude certain personnel during the providence inquiry, correct?" R. 25. Civilian defense counsel responded, "Correct." *Id.* The military judge then made the following ruling:

> The court rules that under the applicable [Mil.R.Evid.], a providence inquiry is not testimony and the court will not exclude any personnel during the providency inquiry other than as I said about the back door [being left open] but that objection is now on the record.

*Id.* Following the providence inquiry, SPC T testified on the merits of the contested charges against appellant. R. 88–143, 153–56. PFC W testified on the merits and on sentencing. R. 156–75, 245–47. SSG C testified on sentencing. R. 247–54.

The record of trial does not state which witnesses were actually present during the providence inquiry. However, in an unrebutted affidavit admitted before the appellate court below, appellant states that the three victim-witnesses were all present in the courtroom during his providence inquiry. Appellant's Affidavit dated 29 Oct. 1998.

___ ___ ___

Appellant argues that "Mil.R.Evid. 615 applie[d] during the providence inquiry" in his case and the three victim-witnesses should have been sequestered as he requested. He also contends that the "military judge's refusal to grant a party's request under th[is] rule resulted in error in which prejudice is presumed or held to be manifest, requiring reversal of relevant findings and their sen-

tence." Appellant's Final Brief at 5. The appellate court below concluded that Mil. R.Evid. 615 "does not govern the posed sequestration issue" because appellant's providence inquiry responses were not the kind of "testimony" required by that rule. Nevertheless, assuming this rule applied to appellant's case, it further held that there was no prejudice to appellant resulting from the presence of the victim-witnesses during the providence inquiry. *United States v. Langston,* 50 MJ at 516–17.

We agree with appellant that Mil.R.Evid. 615 applied in this case.

■ Mil.R.Evid. 615 provides:

**Rule 615. Exclusion of Witnesses.**

*At the request of the prosecution or defense the military judge shall order witnesses excluded so that they cannot hear the testimony of other witnesses,* and the military judge may make the order *sua sponte.* This rule does not authorize exclusion of (1) the accused, or (2) a member of an armed service or an employee of the United States designated as representative of the United States by the trial counsel, or (3) a person whose presence is shown by a party to be essential to the presentation of the party's case.

(Emphasis added.) "The purpose of the sequestration rule is to prevent witnesses from shaping their testimony to match another's and to discourage fabrication and collusion." *United States v. Miller,* 48 MJ 49, 58 (1998), citing *United States v. Croom,* 24 MJ 373, 375 (CMA 1987); *see Geders v. United States,* 425 U.S. 80, 87, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976).[1]

■ If a military judge determines that a witness for whom sequestration is sought does not fall within one of the exceptions to Mil.R.Evid. 615, he or she must sequester that witness. *See* Annotation, Exclusion of Witnesses under Rule 615 of Federal Rules of Evidence, 48 ALR Fed. 484 (1980 & 1999 Supp.); *see also United States v. Jackson,* 60 F.3d 128, 134, 135 (2d Cir.), *cert. denied,* 516 U.S. 980, 1130, and 1165, 116 S.Ct. 487, 951, 1057, 133 L.Ed.2d 414, 875, 134 L.Ed.2d 201 (1995); *United States v. Warren,* 578 F.2d 1058, 1076 (5th Cir.1978) (en banc), *cert. denied,* 446 U.S. 956, 100 S.Ct. 2928, 64 L.Ed.2d 815 (1980); *United States v. Johnston,* 578 F.2d 1352, 1355 (10th Cir.), *cert. denied,* 439 U.S. 931, 99 S.Ct. 321, 58 L.Ed.2d 325 (1978). A military judge's decision concerning whether a witness falls within one of the three exclusion exceptions to Mil.R.Evid. 615 is reviewed under an abuse-of-discretion standard. *See United States v. Miller,* 48 MJ at 56. However, in the case sub judice, the military judge denied appellant's sequestration request on the basis that Mil.R.Evid. 615 did not apply at all to providence inquiries. R. 25. This was a legal ruling, which we review *de novo. See United States v. Spann, supra* at 93 (holding that military judge erred by relying on federal statute to reject application of Mil.R.Evid. 615).

■ During the providence inquiry in this case, appellant was put under oath (R. 29) and his responses were judicial admissions, the strongest form of proof in our legal system. *See United States v. Irwin,* 42 MJ 479, 482 (1995); *United States v. Holt,* 27 MJ 57, 59 (CMA 1988) (guilty–plea-inquiry answers are sworn testimony). Moreover, he entered mixed pleas of guilty and not guilty in this case, thus necessitating a full-fledged trial on the merits of the contested charges. Finally, after the providence inquiry, the sentencing phase of the trial still had to occur, where a concern for shaped or false testimony remained. *See United States v. Spann, supra* at 93. In our view, Mil.R.Evid. 615 applied in these circumstances.[2]

---

1. "Sequestering witnesses to assist in ascertaining truth is at least as old as the Bible. In the Biblical story of Susanna and the Elders, Daniel exposed falsehood by insisting that the two accusers separately describe the place where the alleged adultery occurred. When the two described different places, Susanna was belatedly released. Daniel 13:36–64 (King James). Daniel's technique of sequestering witnesses is now codified in Federal Rule of Evidence 615 and well recognized in the case law." *Frideres v. Schiltz,* 150 F.R.D. 153, 158 (S.D.Iowa 1993); *Opus 3 Limited v. Heritage Park, Inc.,* 91 F.3d 625, 628 (4th Cir.1996).

2. The Courts of Appeals have applied the federal civilian counterpart to Mil.R.Evid. 615 to pro-

■ The remaining question in this case is whether appellant's findings and sentence should be overturned because the military judge erroneously failed to sequester the three victim-witnesses in this case. *See United States v. Spann,* 51 MJ at 93. The appellate court below found no prejudice was suffered by appellant as a result of these errors. It stated:

> We assume for purposes of analysis only, that the three victim-witnesses were present and heard the appellant's providence responses. The victim-witnesses testified on the merits and during the sentencing phase of the trial. The defense counsel never cross-examined SSG C, SPC T, or PFC W to determine if they had been present during the appellant's providence inquiry and, if so, what impact, if any, that presence may have had on their in-court testimony. The government argues that their testimony was materially consistent with their Article 32 testimony and pretrial sworn statements. The appellant has presented no evidence to the contrary nor shown that the testimonies of the victim-witnesses were contaminated even if they were present during the appellant's providence inquiry. Accordingly, this court finds that the appellant has suffered no prejudice as to findings and sentence.

50 MJ at 517 (footnotes omitted).

In view of appellant's objection at trial to the presence of the three victim-witnesses, we conclude that a harmless-error analysis is appropriate. *See United States v. Spann, supra* at 93; *see generally United States v. Jackson,* 60 F.3d 128, 136–37 (2d Cir.1995) (discussing possible appellate standards for reversal for such error in Federal Courts of Appeals but adopting harmless-error stan-dard, placing burden on Government to show "failure to sequester was harmless"). We must decide whether the erroneous failure to sequester the three victim-witnesses in appellant's case did not materially prejudice appellant's substantial rights. Article 59(a).

Turning to the record before us, we note that PFC W testified on the merits of the contested charges. R. 156–75. This record also makes clear that this witness' pretrial statements and Article 32, UCMJ, 10 USC § 832, testimony were available to the parties for impeachment. *See Hollman v. Dale Electronic, Inc.,* 752 F.2d 311, 313 (8th Cir. 1985) (harmless error where pretrial depositions "available for impeachment"); *cf. United States v. Bethea,* 22 USCMA 223, 46 CMR 223 (1973) (holding unadmitted pretrial statements considered at Article 32 investigation not part of record for legal-sufficiency purposes). PFC W also testified at sentencing, but only as to the impact of appellant's crimes on her, R. 245–47. Accordingly, we conclude that there was no reasonable possibility that her testimony was altered by what she heard during appellant's providence inquiry. *See United States v. Spann, supra.*

SSG C was not required to testify on the merits because appellant stipulated to the acts underlying his plea of guilty with regard the charged offenses involving her. R. 175–78. Her testimony on sentencing during direct examination, like that of PFC W, only went to victim impact. There was no dispute as to how these offenses occurred or any conflict with appellant's guilty-plea admissions. R. 247–54. Accordingly, we see no possibility of altered testimony on her part.

SPC T also testified on the merits in this case. R. 88–143, 153–56. Again, her pretrial

---

ceedings other than the taking of testimony during the trial of a contested charge. *See e.g., United States v. Juarez,* 573 F.2d 267, 281 (5th Cir.) (holding that Fed.R.Evid. 615 applies to closing argument and instructions, so as to avoid any taint of witness testimony on retrial), *cert. denied,* 439 U.S. 915, 99 S.Ct. 289, 58 L.Ed.2d 262 (1978); *United States v. Brewer,* 947 F.2d 404, 407–10 (9th Cir.1991) (holding that 615 applies to evidentiary hearings conducted to determine admissibility of evidence); *United States v. Warren,* 578 F.2d 1058, 1076 (5th Cir.1978) (en banc) (holding that Fed.R.Evid. 615 applies to suppression hearings), *cert. denied,* 446 U.S. 956, 100 S.Ct. 2928, 64 L.Ed.2d 815 (1980); *see also* Drafters' Analysis of Mil.R.Evid. 615, Manual for Courts–Martial, United States (1998 ed.) at A22–47 (stating that Mil.R.Evid. 615 was derived from the then-existing version of Fed.R.Evid. 615, "with only minor changes in terminology"); *but see* S. Saltzburg, L. Schinasi & D. Schlueter, Military Rules of Evidence Manual 822 (4th ed.1997) (stating that party may exclude witnesses during trial testimony, but Mil.R.Evid. 615 is not applicable "to arguments, instructions or ministerial aspects of" trial).

statements and Article 32 testimony were available to the parties to disclose any alteration of her testimony. *See Hollman v. Dale Electronic, Inc., supra.* In fact, SPC T continued to assert that the adultery took place in June, even after appellant admitted in his guilty-plea inquiry that the alleged offense took place in September. *Compare* R. 33–35, 60–61, *with* R. 100. Thus, she adhered to her version of the events *even after* hearing appellant's contrary statements made at the providence inquiry.

The decision of the United States Army Court of Criminal Appeals is affirmed.