**UNITED STATES**

v.

**Emmanuel E. LUGO, Corporal (E–4), U.S. Marine Corps.**

**NMCM 200000209.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 4 June 1999.

Decided 25 Sept. 2000.

CDR Richard W. Bagley, JAGC, USN, Appellate Defense Counsel.

CAPT Don L. Davidson, JAGC, USNR, Appellate Defense Counsel.

LT Kevin S. Rosenberg, JAGC, USNR, Appellate Government Counsel.

Before LEO, Senior Judge, ANDERSON and NAUGLE, Appellate Military Judges.

LEO, Senior Judge:

In accordance with his pleas, the appellant was convicted at a special court-martial before a military judge alone of violating a lawful general order and stealing military property, in violation of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 934. He was awarded a bad-conduct discharge, confinement for 100 days, forfeiture of $600 pay per month for four months, and reduction to pay grade E–1. In accordance with the pretrial agreement, the convening authority approved the sentence as adjudged, but suspended all confinement in excess of 60 days for a period of 12 months from the date of the sentence.

We have examined the record of trial, the assignments of error, and the Government's response. We find that the assignments of error are without merit, that the findings and sentence are correct in law and fact, and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).

### I.

The appellant contends that the general order prohibiting male Marines from wearing earrings fails to state an offense because (1) it does not reasonably relate to military duty and (2) it violates the Equal Protection Clause of the Fourteenth Amendment, as applied to the United States through the Due Process Clause of the Fifth Amendment. We disagree.

The appellant is charged with violating an order that is part of the United States Marine Corps Uniform Regulations, Marine Corps Order P1020.34F, Chapter 1, ¶ 1005.7(a) of 27 January 1995; it expressly prohibits male Marines from wearing earrings. During the providence inquiry, the appellant admitted that he violated the order on 2 April 1999, by wearing a gold hoop earring in each ear while he was on board Marine Corps Air Station, New River in Jacksonville, North Carolina. He was stopped at the entrance door as he attempted to enter the Enlisted Club and was told by a staff sergeant to remove the earrings. The appellant admitted that he was aware of the general order, that he had an ongoing duty to obey it 24–hours a day due to his military status, and that he had willfully disobeyed it. Record at 33–36.

To be lawful, a military order "must relate to military duty, which includes all activities reasonably necessary to accomplish a military mission, or safeguard or promote the morale, discipline, and usefulness of members of a command and directly connected with the maintenance of good order in the service." MANUAL FOR COURTS–MARTIAL, UNITED STATES (1998 ed.), Part IV, ¶ 14.-c.(2)(a)(iii). "A general order or regulation is lawful unless it is contrary to the Constitution, the laws of the United States, or lawful superior orders or for some other reason is beyond the authority of the official issuing it." MCM, Part IV, ¶ 16.c.(1)(c). Because a properly issued general order is presumed to be lawful, the burden is upon the appellant to establish that the order in question is unlawful. *United States v. Hughey*, 46 M.J. 152, 154 (1997).

In the first part of his argument, the appellant asserts that the order prohibiting male Marines from wearing earrings goes beyond "those lawful regulations [limiting] hair length and the wearing of wigs" and constitutes "an unreasonable interference with the *private rights and personal affairs of individual Marines*." Appellant's Brief of 30 June 2000 at 3–4 (emphasis added).

We reject this argument. It is inconsistent with the very nature of military service. "The essence of military service 'is the subordination of the desires and interests of the individual to the needs of the service.'" *Goldman v. Weinberger*, 475 U.S. 503, 507, 106 S.Ct. 1310, 89 L.Ed.2d 478 (1986)(quoting *Orloff v. Willoughby*, 345 U.S. 83, 92, 73 S.Ct. 534, 97 L.Ed. 842 (1953)). In *Goldman,* the issue before the Supreme Court was whether an Air Force officer, who was also an ordained rabbi, had a First Amendment right to the free exercise of his religious beliefs by wearing his yarmulke while in uniform, a practice which he described as "silent devotion akin to prayer." *Id.* at 509, 106 S.Ct. 1310. The Supreme Court stated, "In the context of the present case, when evaluating

whether military needs justify a particular restriction on religiously motivated conduct, courts must give *great deference* to the professional judgment of military authorities concerning the relative importance of a particular military interest." *Id.* at 507, 106 S.Ct. 1310 (emphasis added).

We believe the military interest is no less important with respect to restrictions on the types of civilian apparel and jewelry that can be worn on liberty by Marine Corps personnel. As the Uniform Regulations explain:

"Marines are associated and identified with the Marine Corps in and out of uniform, and when on or off duty. Therefore, when civilian clothing is worn, Marines will ensure that their dress and personal appearance are conservative and commensurate with the high standards traditionally associated with the Marine Corps. *No eccentricities of dress will be permitted.*"

Marine Corps Order P1020.34F, Chapter 1, ¶ 1005.7(a) (emphasis added).

The purpose of these restrictions is to ensure that off-duty Marines do not dress in extreme or eccentric civilian attire that detract from the public "spit-and-polish" image of the United States Marine Corps and the good order and discipline of its personnel. We find nothing improper here.[1] Congressional recognition of the importance of public confidence and trust in the armed forces, in particular, is apparent in the General Article of the UCMJ, which proscribes, among other things, "all conduct of a nature to bring discredit upon the armed forces." Art. 134, UCMJ, 10 U.S.C. § 934.

We, likewise, reject the second part of the appellant's argument. The Equal Protection Clause of the Fourteenth Amendment is "implicit" in the Due Process Clause of the Fifth Amendment and is, therefore, applicable to military courts-martial. *United States v. Houston,* 12 M.J. 907, 909 n. 2 (N.M.C.M.R.1982); *United States v. Sykes,* 11 M.J. 766, 768 (N.M.C.M.R.1981). However, the Supreme Court declared, "The desirability of dress regulations in the military is

decided by the appropriate military officials, and they are under no constitutional mandate to abandon their considered professional judgment." *Goldman,* 475 U.S. at 509, 106 S.Ct. 1310. We believe this principle is applicable to civilian attire, as well as uniforms, worn by Marine Corps personnel. While the Uniform Regulations make a gender-based distinction that restricts male Marines, but not female Marines, from wearing earrings, there exists a rational basis for this restriction that is reasonably related to the legitimate governmental objectives of good order and discipline.

In short, the Uniform Regulations governing permissible grooming and attire differ, of necessity, between male and female Marines because such matters are largely gender-driven. For that reason, male Marines have no fundamental right to wear earrings, simply because female Marines have that privilege, any more than they have the right to wear their hair longer just because female Marines do.

II.

The appellant contends that the omission of his Meritorious Unit Commendation from the staff judge advocate's recommendation [SJAR] was plain error, which warrants a remand for a new convening authority's action. We disagree.

An adequate SJAR must contain a summary of the appellant's service record, including all awards and decorations. RULE FOR COURTS-MARTIAL 1106(d)(3)(C), MANUAL FOR COURTS-MARTIAL, UNITED STATES (1998 ed.). In this case, the appellant's only ribbon, a Meritorious Unit Commendation, was omitted. However, the appellant's counsel failed to comment on it in his response to the SJAR. *See* Clemency Request of 9 September 1999.

Unless an error is plain and results in material prejudice to an accused's substantial rights, the failure of his counsel to comment forfeits the objection. *United States v. Powell,* 49 M.J. 460, 465 (1998). Although the error in this case was plain, we

---

1. *See Kelley v. Johnson,* 425 U.S. 238, 248, 96 S.Ct. 1440, 47 L.Ed.2d 708 (1976) (Public recognition and "esprit de corps" are sufficiently ra-

tional justifications to withstand constitutional challenge of a governmental regulation on personal appearance of police officers).

find no prejudice. *See United States v. Brewick*, 47 M.J. 730, 733–34 (N.M.Ct.Crim.App.1997)(omission of Joint Meritorious Unit Citation from list of medals in SJAR was not prejudicial). The convening authority indicated in his action that he had reviewed the record of trial. The record references the appellant's entitlement to wear the ribbon. Record at 4. In addition, the appellant acknowledged at trial that he had made no contribution towards the group effort that earned his unit this award. Record at 52. Therefore, in the absence of prejudice, the appellant forfeited his objection.

III.

We affirm the findings and sentence as approved on review below.

Judge ANDERSON and Judge NAUGLE concur.