**UNITED STATES**

v.

**Matthew S. TERRY, Corporal (E–4), U.S. Marine Corps.**

**NMCCA 9701393.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 17 Dec. 1999.

Decided 30 Aug. 2005.

George A. Gallenthin, Civilian Appellate Defense Counsel.

Maj Eric Gifford, USMC, Appellate Defense Counsel.

Capt Rolando Sanchez, USMC, Appellate Defense Counsel.

LT Ross Weiland, JAGC, USNR, Appellate Government Counsel.

Before RITTER, Senior Judge, HARRIS, and SUSZAN, Appellate Military Judges.

HARRIS, Judge:

The appellant was convicted, contrary to his pleas, by a general court-martial in 1997 of conspiracy to commit rape and indecent assault, conspiracy to obstruct justice, making a false official statement, rape, and indecent assault, in violation of Articles 81, 107, 120, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 907, 920, and 934. He was sentenced to confinement for 9 years, total forfeiture of pay and allowances, reduction to pay grade E–1, and a dishonorable discharge. The convening authority approved the sentence as adjudged.

On appeal before this court, the appellant raised eleven assignments of error.[1] This

---

1. I. THE GOVERNMENT FAILED TO PROVE BEYOND A REASONABLE DOUBT THE OFFENSE OF CONSPIRACY.

court agreed with the appellant's second assignment of error, holding that he was denied his Constitutional Sixth Amendment right to a public trial. We set aside the findings and sentence without prejudice, and found the remaining ten assignments of error moot. *United States v. Terry*, 52 M.J. 574, 578 (N.M.Ct.Crim.App.1999).

In December 1999, a general court-martial composed of both officer and enlisted members convicted the appellant, contrary to his pleas, of conspiracy to commit rape and indecent assault, conspiracy to obstruct justice, making a false official statement, rape, and indecent assault, in violation of Articles 81, 107, 120, and 134, UCMJ. The members sentenced the appellant to confinement for 16 years, reduction to pay grade E–1, total forfeiture of pay and allowances, and a dishonorable discharge. The convening authority approved confinement for 9 years[2] and the remaining sentence as adjudged and, except for the dishonorable discharge, ordered the punishment executed. *See United States v. Mitchell*, 58 M.J. 446, 447 (C.A.A.F.2003)(citing RULE FOR COURTS-MARTIAL 810(d), MANUAL FOR COURTS-MARTIAL, UNITED STATES (1998 ed.)[3]).

Having carefully considered the record of trial and the pleadings, which include nine new assignments of error,[4] and the Govern-

II. APPELLANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO A PUBLIC TRIAL, WHERE THE MILITARY JUDGE EXCLUDED ALL SPECTATORS FROM THE COURTROOM, OVER DEFENSE OBJECTION, DURING THE TESTIMONY OF THE ALLEGED VICTIM.

III. A SENTENCE INCLUDING UNSUSPENDED CONFINEMENT FOR [9] YEARS IS INAPPROPRIATELY SEVERE WHERE [THE] APPELLANT'S THREE CO-ACTORS RECEIVED [8], [5], AND [5] YEARS OF UNSUSPENDED CONFINEMENT, RESPECTIVELY, AND WHERE [THE] APPELLANT'S INVOLVEMENT IN THE OFFENSES WAS PRIMARILY AS AN AIDER AND ABETTOR.

IV. THE GOVERNMENT FAILED TO PROVE CHARGE IV (RAPE) BEYOND A REASONABLE DOUBT.

V. THE GOVERNMENT FAILED TO PROVE CHARGE V (INDECENT ASSAULT) BEYOND A REASONABLE DOUBT.

VI. THE MILITARY JUDGE ERRED BY DENYING [THE] APPELLANT'S MOTION TO DISMISS CHARGE III AND ITS SOLE SPECIFICATION, BECAUSE THE PRESIDENT HAS SPECIFICALLY EXCEPTED STATEMENTS DURING AN INTERROGATION FROM PROSECUTION FOR FALSE OFFICIAL STATEMENT.

VII. THE GOVERNMENT FAILED TO PROVE BEYOND A REASONABLE DOUBT THE OFFENSE OF INDECENT ASSAULT, BECAUSE THE GOVERNMENT PRESENTED NO EVIDENCE THAT THE PROSECUTRIX WAS NOT THE WIFE OF [THE] APPELLANT AT THE TIME OF THE ALLEGED OFFENSE.

VIII. THE TRIAL COUNSEL'S IMPROPER ARGUMENT COMMENTED ON THE APPELLANT'S FAILURE TO TESTIFY AND THEREBY CONSTITUTED PLAIN ERROR.

IX. THE MILITARY JUDGE ERRED BY NOT INSTRUCTING THE MEMBERS THAT VOLUNTARY INTOXICATION WAS A DEFENSE TO THE CHARGE OF CONSPIRACY TO COMMIT RAPE AND INDECENT ASSAULT.

X. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AT THE POST-TRIAL STAGE, WHERE HIS COUNSEL SUBMITTED ONLY A ONE-PARAGRAPH CLEMENCY PETITION WITH A BLANKET ASSERTION THAT THE EVIDENCE WAS INSUFFICIENT, WHICH WAS WHOLLY INADEQUATE FOR THIS CONTESTED RAPE GENERAL COURT-MARTIAL BEFORE MEMBERS AND THE FACTUAL AND LEGAL ISSUES RAISED THEREIN.

XI. THE PROMULGATING ORDER INCORRECTLY INDICATED THAT [THE] APPELLANT WAS FOUND GUILTY AS ALLEGED IN SPECIFICATION 2 UNDER CHARGE II, WHEN IN FACT THE LANGUAGE ALLEGING ONE OVERT ACT WAS DISMISSED BY THE MILITARY JUDGE.

**2.** *See* RULE FOR COURTS-MARTIAL 1107f(5)(A), MANUAL FOR COURTS-MARTIAL, UNITED STATES (1998 ed.).

**3.** R.C.M. 810(d) provides, in part, that "offenses on which a rehearing, new trial, or other trial has been ordered shall not be the basis for an approved sentence in excess of or more severe than the sentence ultimately approved by the convening authority or higher authority following the previous trial or hearing, unless the sentence prescribed for the offense is mandatory."

**4.** I. APPELLANT WAS RETRIED IN VIOLATION OF THE DOUBLE JEOPARDY CLAUSE WHERE THIS COURT FAILED TO DECIDE WHETHER EVIDENCE PRESENTED BY THE GOVERNMENT IN THE FIRST COURT-MARTIAL WAS FACTUALLY AND LEGALLY SUFFICIENT TO ESTABLISH [THE] APPELLANT'S GUILT BEYOND A REASONABLE DOUBT TO THE OFFENSES OF RAPE, INDECENT ASSAULT, AND CONSPIRACY TO COMMIT RAPE AND INDECENT ASSAULT.

II. IT WAS PLAIN ERROR FOR THE GOVERNMENT TO INTRODUCE EVIDENCE BEFORE THE MEMBERS ESTABLISHING THAT EACH OF [THE] APPELLANT'S ALLEGED CO-CONSPIRATORS PLED GUILTY TO CHARGES IDENTICAL TO THOSE THE APPELLANT WAS FACING.

ment's answer, we conclude that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c). Accordingly, we affirm the findings and the sentence, as approved by the convening authority.

## Background

The offenses of which the appellant was found guilty arose out of a single incident involving three other Marines. While assigned to temporary duty at Keflavik, Iceland, the Marines assaulted and raped Seaman Apprentice (SA) "P," United States Navy. At separate general courts-martial, the other Marines pled guilty to charges arising out of the incident pursuant to pretrial agreements with the convening authority. During the appellant's contested court-martial, the trial counsel offered evidence that each co-conspirator was testifying pursuant to a pretrial agreement. The trial counsel also elicited from each of the other Marines the fact that they each had pled guilty to charges similar to those the appellant was facing. Each of the other Marines testified that they pled guilty to conspiracy to commit rape and that they had specifically conspired with the appellant.

III. IT WAS PLAIN ERROR FOR THE MILITARY JUDGE TO ADMIT EVIDENCE OF THE ACTUAL SENTENCE TO CONFINEMENT RECEIVED BY STAFF SERGEANT (PVT) ["S"], A CO-CONSPIRATOR.

IV. IT WAS PLAIN ERROR FOR THE MILITARY JUDGE TO ELICIT "HUMAN LIE DETECTOR" TESTIMONY FROM THE GOVERNMENT'S EXPERT WITNESS WHEN HE ASKED WHETHER SHE BELIEVED THAT THE ALLEGED VICTIM APPEARED TO BE TELLING THE TRUTH AND NOT FABRICATING A CLAIM OF RAPE.

V. THE MILITARY JUDGE ABUSED HIS DISCRETION WHEN HE ADMITTED HEARSAY TESTIMONY WITHOUT FIRST DETERMINING WHETHER THE GOVERNMENT'S EVIDENCE HAD ESTABLISHED THE EXISTENCE OF A CONSPIRACY.

VI. APPELLANT WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF COUNSEL.

VII. THE TRIAL COUNSEL COMMITTED PROSECUTORIAL MISCONDUCT WHEN HE GAVE EXTRA-JUDICIAL STATEMENTS TO THE MEDIA IN VIOLATION OF JAGINST 5803.1B, RULE 3.6.

## Double Jeopardy

Prior to arraignment in the appellant's second trial, his civilian trial defense counsel raised the issue of double jeopardy with the military judge. Record at 10–11. The military judge indicated that he believed the trial court was not the proper forum to litigate the issue. Declining to rule on the issue, the military judge stated that the proper procedure to litigate the issue was through an extraordinary writ to the appellate courts. The civilian trial defense counsel concurred with the military judge's position on the issue, but never sought an extraordinary writ on the appellant's behalf. *Id.* at 11.

In his first AOE, the appellant asserts that he was retried in violation of the double jeopardy clause of the Fifth Amendment to the U.S. Constitution.[5] He points out that prior to authorizing a rehearing on findings and sentence in its first review of this case, this court failed to decide whether evidence presented by the Government at the appellant's first court-martial was factually and legally sufficient to establish his guilt beyond a reasonable doubt to the offenses of rape, indecent assault, and conspiracy to commit rape and indecent assault. The appellant avers that "while the decision to remand due to a constitutional error was appropriate, th[is] [c]ourt's failure to consider and rule

VIII. APPELLANT'S RECORD OF TRIAL IS SUBSTANTIALLY INCOMPLETE DUE TO MISSING PORTIONS FROM THE TRANSCRIPT OF THE APPELLANT'S FIRST COURT-MARTIAL.

IX. APPELLANT IS ENTITLED TO A NEW TRIAL UNDER THE "DOCTRINE OF CUMULATIVE ERRORS."

5. This court will not treat this issue as waived at trial, because the military judge failed to properly obtain a knowing, conscious waiver from the appellant. *See United States v. Johnson*, 2 M.J. 541, 546 (A.C.M.R.1976)(concluding that before an accused may be tried a second time in the face of a possible claim of double jeopardy "the Government must show a knowing, conscious election." (citing *United States v. Florczak*, 49 C.M.R. 786, 1975 WL 15909 (A.C.M.R.1975))). Further, "the defense of former jeopardy is one of constitutional dimensions which we must accept though raised the first time on appeal." *Id.* (citing *Burns v. Wilson*, 346 U.S. 137, 73 S.Ct. 1045, 97 L.Ed. 1508 (1953) and *Courtney v. Williams*, 1 M.J. 267, 270 (C.M.A.1976)).

upon those remaining issues dealing with the sufficiency of the [G]overnment's evidence constituted error." Appellant's Brief of 29 May 2002 at 5–6. The appellant also notes Article 66(d), UCMJ, which states that "[i]f the [military] Court of Criminal Appeals sets aside the findings and sentence, it may, except where the setting aside is based on lack of sufficient evidence in the record to support the findings, order a rehearing." The appellant asks that this court set aside the findings of guilty as to Specification 1 of Charge I, Charge III, and Specification 1 of Charge IV, and return his case to an appropriate convening authority for a rehearing on sentence. We disagree.

■ Under the Fifth Amendment to the U.S. Constitution, "[n]o person shall be ... subject, for the same offence, to be twice put in jeopardy of life or limb[.]" *See also* Art. 44(a), UCMJ, 10 U.S.C. § 844(a) (stating "[n]o person may, without his [or her] consent, be tried a second time for the same offense."). Both "[t]he Double Jeopardy Clause [of the Fifth Amendment to the U.S. Constitution] and the [UCMJ] are designed to protect the accused against repeated attempts to try an individual for the same offense, including subjecting the accused to the embarrassment, expense, and ordeal of a second trial." *United States v. Harris,* 51 M.J 191, 196 (C.A.A.F.1999). In cases where a conviction is reversed due to a finding of insufficient evidence at trial, retrial is prohibited. *Burks v. United States,* 437 U.S. 1, 11, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978)(reversing due to the appellate court's finding of insufficient evidence to sustain a guilty verdict as the equivalent of an acquittal prohibiting retrial).

■ The appellant is correct in his assertion that on his original appeal this court should not have found moot original AOEs I, IV, V, and VII to the extent that they alleged the evidence was insufficient. *See United States v. Quintanilla,* 60 M.J. 852, 855 (N.M.Ct.Crim.App.2005); *see also United States v. Bibbero,* 749 F.2d 581, 586 (9th Cir.1984)(concluding that the existence of trial error sufficient to require reversal does not avoid the necessity of reviewing the sufficiency of the evidence). We must decide

whether this constitutional error was harmless beyond a reasonable doubt. *See United States v. Bins,* 43 M.J. 79, 86 (C.A.A.F.1995)(concluding that the test for harmlessness is "whether the error had or reasonably may have had an effect upon the [decision]"); *see also Delaware v. Van Arsdall,* 475 U.S. 673, 681, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986)(concluding that "an otherwise valid conviction should not be set aside if the reviewing court may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt"). Our standard of review for harmless error is *de novo. United States v. George,* 52 M.J. 259, 261 (C.A.A.F.2000)(citing *Rushen v. Spain,* 464 U.S. 114, 120, 104 S.Ct. 453, 78 L.Ed.2d 267 (1983)(concluding that whether a constitutional error was harmless is a question of law)).

The test for legal sufficiency is whether, considering the evidence admitted at trial in the light most favorable to the prosecution, a reasonable fact-finder could have found that all the essential elements were proven beyond a reasonable doubt. *United States v. Reed,* 54 M.J. 37, 41 (C.A.A.F.2000)(citing *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)); *United States v. Spann,* 48 M.J. 586, 588 (N.M.Ct. Crim.App.1998), *aff'd,* 51 M.J. 89 (C.A.A.F. 1999). The test for factual sufficiency is whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, this court is convinced of the appellant's guilt beyond a reasonable doubt. *Reed,* 54 M.J. at 41; *Turner,* 25 M.J. at 325; *see* Art. 66(c), UCMJ.

Having carefully examined all of the evidence admitted on the merits at the appellant's first general court-martial, we find that the Government's evidence on the merits was strong, compelling and overwhelming. We conclude that the evidence presented at that court-martial was both legally and factually sufficient to support findings of guilty as to each and every offense. The sufficiency of evidence issues raised by the appellant in his initial appeal to this court were without merit. As a result, we find the error in our previous decision, in which we held that

AOEs I, IV, V, and VII were rendered moot by our holding on AOE II, was harmless beyond a reasonable doubt. In view of this finding, and since the Supreme Court has concluded that where an appellant is successful on appeal of a judgment of conviction on any ground other than the insufficiency of evidence to support the verdict, there is normally no double jeopardy bar to further prosecution on the same charge or charges, *see Montana v. Hall,* 481 U.S. 400, 402–03, 107 S.Ct. 1825, 95 L.Ed.2d 354 (1987)(per curiam)(citing *United States v. Scott,* 437 U.S. 82, 90–91, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978)), we find that the appellant's first assignment of error is without merit.

We have also carefully examined all of the evidence admitted on the merits at this, the appellant's second general court-martial. The Government's evidence on the merits was once again strong, compelling and overwhelming. We conclude that the evidence at this second general court-martial was factually and legally sufficient as to each and every offense. We are again, therefore, convinced beyond a reasonable doubt as to the appellant's guilt of these offenses, as found by the appellant's second general court-martial. As such, we decline to grant relief.

**Evidence of Co-conspirators' Convictions**

The appellant's three co-conspirators testified during the Government's case-in-chief regarding their individual guilty pleas and pretrial agreements. Record at 743, 798, 839. In the appellant's second AOE, he asserts that it was plain error for the Government to introduce evidence before the members establishing that each of the appellant's alleged co-conspirators pled guilty to charges identical to those the appellant was facing. The appellant avers that this court should set aside the findings and sentence. We disagree.

■ A plea of guilty is "inadmissible as proof of guilt of a person other than the one who [entered the plea]." *United States v. Toro,* 34 M.J. 506, 514 (A.F.C.M.R.1991) (citations omitted), *aff'd,* 37 M.J. 313 (C.M.A. 1993). Nonetheless, "evidence [of a co-accused's plea of guilty] is admissible when offered for a [relevant] purpose other than

proving the accused's guilt." *Id.* (citations omitted).

■ Because the appellant did not object, either separately or collectively, to the testimony of any of the three co-conspirators, his assertion is reviewed for plain error. MILITARY RULE OF EVIDENCE 103(d), MANUAL FOR COURTS-MARTIAL, UNITED STATES (1998 ed.). "To succeed under a plain error analysis, [the] appellant has the burden of establishing that there was plain or obvious error that 'materially prejudiced' his 'substantial rights.'" *United States v. Reist,* 50 M.J. 108, 110 (C.A.A.F.1999)(quoting Art. 59(a), UCMJ); *United States v. Powell,* 49 M.J. 460, 465 (C.A.A.F.1998)(concluding the appellant bears the burden of persuasion as to each and every foundation of plain error); *United States v. Lugo,* 54 M.J. 558, 560 (N.M.Ct.Crim.App.2000).

We agree with the appellant's concession that this evidence "may be properly used to demonstrate bias and may be first elicited by trial counsel in anticipation of a challenge to the [G]overnment witness['] credibility. . . ." Appellant's Brief of 29 May 2002 at 11. However, we find the appellant's assertion that "[i]t is all too likely that the members concluded that the earlier proceedings properly determined the [a]ppellant's guilt[,]" *id.* at 11, is not supported by the record.

In this case, other than an extremely intoxicated and mostly unconscious victim, the appellant's three co-conspirators were the only witnesses present when the charged offenses occurred. Their involvement was subject to investigation and prosecution. "The ideas that some of them had 'turned' and accused others and that some of them had confessed when questioned are hardly shocking." *Toro,* 34 M.J. at 515. While these confessions were elicited on direct examination prior to attack on cross-examination, such attack was inevitable because attacking the credibility of these witnesses was an obvious defense strategy, as demonstrated by the record. *See id.* Since this testimony was not offered to prove the appellant's guilt by association, we conclude there was no error in its admission.

Furthermore, the military judge gave the following limiting instruction to the members:

> Throughout the course of this trial several witnesses have used the term "rape" to describe what happened. Whether or not a rape occurred is an issue for you and you alone to decide. You are to draw no legal conclusion based merely upon the fact that one or more witnesses used the term "rape" in their testimony. You may find the accused guilty of this offense only if you are satisfied as to each element of this offense beyond a reasonable doubt.

Record at 1357. Additionally, the trial counsel did not overly emphasize these particular co-conspirators' testimonies, as the appellant now suggests. There certainly were references to the testimony during the trial counsel's argument. Record at 1295–1314. While the trial counsel referred to the appellant's three co-conspirators as admitted rapists, he was simply arguing the fact that these three witnesses were the appellant's co-conspirators, and each of them testified regarding their role in bringing the object of the conspiracy to fruition. Such references in argument do not suggest "the simplistic syllogism that others had confessed or been convicted and therefore, the appellant must also be guilty." *Toro*, 34 M.J. at 515. Indeed, the appellant concedes that the trial counsel "did not directly state that the convictions of the other three co-conspirators should be weighed against the appellant's claim of innocence...." Appellant's Brief of 29 May 2002 at 12.

We conclude that it was not error to admit the now challenged evidence. Moreover, even if it had been error, the appellant cannot show any material prejudice to a substantial right as a result of his co-conspirators' testimonies. *See* Art. 59(a), UCMJ. In addition, finding no plain error, we conclude that the appellant forfeited this potential basis for objection. *United States v. Green*, 55 M.J. 76, 81 (C.A.A.F.2001)(citing MIL. R. EVID. 103(a)(1) and (d)). Accordingly, we decline to grant relief.

### Evidence of a Co-conspirator's Sentence

■ In the appellant's third AOE, he asserts that it was plain error for the military judge to admit evidence of the actual sentence to confinement received by a co-conspirator. The appellant avers that this court should set aside the findings and sentence. We disagree.

During the trial counsel's direct examination of one of the appellant's co-conspirators, the co-conspirator testified that if he violated the terms of his pretrial agreement, "[t]he pretrial [agreement] goes out the window, and I end up with 15 years." Record at 798. Neither the civilian trial defense counsel nor the military trial defense counsel objected to this testimony. Again, absent objection by the appellant or his defense counsel, a military court of criminal appeals will evaluate the admission of this testimony for plain error. *Powell*, 49 M.J. at 465; *Lugo*, 54 M.J. at 560.

Assuming, without deciding, that the military judge committed clear and obvious error in allowing evidence of a co-accused's sentence to go to the members, we are convinced beyond a reasonable doubt that the appellant suffered no prejudice. With regard to the findings, based on the overwhelming evidence of guilt presented by the Government, we are convinced that this alleged error did not affect the findings and was completely harmless. In order to find prejudice as to the sentence, we must be convinced that, without the alleged error, the members would have adjudged a sentence that included less than the approved confinement of 9 years. We conclude that the alleged error did not affect the sentencing process because we are convinced beyond a reasonable doubt that no reasonable jury would have imposed a sentence that included less than 9 years confinement. Therefore, we decline to grant relief.

### "Human Lie Detector" Expert Testimony

At the conclusion of redirect testimony of the victim-advocate witness called by the Government, the military judge asked a question of the witness:

> MJ: Do you believe, based on your experience, that you can tell when a female might be covering up a consensual sexual encounter or lying about a rape?

WIT: I think that in at least one situation I have worked in another rape case, I knew the woman. It's a small base. Iceland is a very small place. I knew that she had a history of doing certain inappropriate things. This was not [SA "P"]. This was another person.

It's like I walked into the room, and there she was, and I just shook my head; but I still had to do the job ... even though I knew within me that this woman had a history of doing inappropriate things.

Record at 1055. Immediately thereafter, trial counsel asked the following the witness one more question:

TC: Ma'am, how genuine did [SA "P"] appear to be?

WIT: She appeared to be very genuine.

*Id.* at 1056.

In the appellant's fourth AOE, he asserts that it was plain error for the military judge to elicit "human lie detector" testimony from the Government's "expert" witness when he asked her the above question. The appellant asserts that "[t]his testimony was objectionable as the [victim-advocate] witness was allowed to testify before the members that SA ['P'] was not lying, falsifying, or fabricating her claim of rape. In other words she was 'genuine.'" Appellant's Brief of 29 May 2002 at 19. The appellant avers that this court should set aside the findings and sentence. We disagree.

■ A witness' testimony on the merits that another witness is telling the truth about relevant events "invades a major function of the factfinder[,]" and has been suitably characterized as "human lie detector" testimony. *Toro,* 34 M.J. at 513. Witnesses may not act as "human lie detectors." *United States v. Birdsall,* 47 M.J. 404, 410 (C.A.A.F.1998). The Court of Military Appeals has stated that an expert witness may not be asked whether the victim was fabricating her allegation or telling the truth. *United States v. Rhea,* 33 M.J. 413, 424 n. 7 (C.M.A.1991). Further, our superior court has also found it to be reversible error for a social worker to express that, in her opinion, the twelve-year-old victim of sexual abuse was being truthful when she reported the

abuse. *United States v. Cameron,* 21 M.J. 59, 62 (C.M.A.1985). Finally, the Court of Military Appeals has held that where it cannot be determined what weight the members placed upon the impermissible testimony, they would not say that the admission of this impermissible testimony did not "prejudice a material right of [the] appellant." *Petersen,* 24 M.J. at 285.

■ The appellant, however, never challenged the Government witness' testimony on the grounds that it was prejudicial and improper. Thus, we evaluate the admission of this testimony also under a "plain error" analysis. *Powell,* 49 M.J. at 465; *Lugo,* 54 M.J. at 560.

As we previously addressed above, the Government's evidence on the merits as to the appellant's conduct was strong, compelling and overwhelming. Further, the military judge recognized the limitations on the use of the victim-advocate witness' testimony and gave a limiting instruction to the members that:

To the extent that you believed that [the victim-advocate witness] testified or implied that she believes the alleged victim, that a crime occurred, or that the alleged victim is credible, you may not consider this as evidence that a crime occurred or that the alleged victim is credible. It may, however, be considered only for the limited purpose of explaining why [the victim-advocate witness] acted as she did in providing care to the alleged victim, [SA "P"].

Record at 1374. In the absence of clear and convincing evidence to the contrary, "members are presumed to follow the military judge's instructions." *United States v. Jenkins,* 54 M.J. 12, 20 (C.A.A.F.2000)(citing *United States v. Garrett,* 24 M.J. 413, 418 (C.M.A.1987), *sentence vacated on pet. for extraordinary relief,* 39 M.J. 293 (C.M.A. 1994)); *see also Cuento,* 58 M.J. at 599. We find nothing in the record that would lead us to conclude that the members did not follow this specific instruction of the military judge.

Although we find that the victim-advocate's statements were inadmissible, and resulted in obvious error, we do not find that the appellant's substantial rights were materially

prejudiced in any way. Thus, we find no plain error and decline to grant relief.

### "Hearsay" Testimony

█ In the appellant's fifth AOE, he asserts that the military judge abused his discretion when he admitted, over objection, "hearsay" testimony of the declarant co-conspirator's statement, "Oh, it's rape all right" without first conducting "an inquiry as required under [MIL. R. EVID. 801(d)(2)] to determine whether a proper foundation to the conspiracy had been established." Appellant's Brief of 29 May 2002 at 22. The appellant avers that this court should set aside the findings and sentence. We disagree.

Although the military judge did not state that he applied the preponderance of the evidence standard in establishing whether the alleged conspiracy existed before admitting the contested statement, we presume that the military judge knew the law, acted according to it, and applied it correctly. *See United States v. Prevatte,* 40 M.J. 396, 398 (C.M.A.1994). Moreover, after our *de novo* review of the record, we conclude by a preponderance of the evidence that a conspiracy was established before the military judge admitted the contested statement. We further conclude: (1) that the military judge clearly and justifiably believed a conspiracy to commit the underlying offenses existed between the appellant and the declarant co-conspirator before the declarant co-conspirator made his statement in furtherance of the conspiracy to the witness co-conspirator; (2) that the conspiracy between the appellant and the declarant co-conspirator to commit the underlying offenses was ongoing and had not terminated at the time the declarant co-conspirator made his statement in furtherance of the conspiracy to the witness co-conspirator; and, (3) that neither the appellant nor the declarant co-conspirator had previously withdrawn from the conspiracy to commit the underlying offenses at the time the declarant co-conspirator made his statement in furtherance of the conspiracy to the witness co-conspirator. As such, we find that the military judge did not abuse his discretion when he found the declarant co-conspirator's statement was admissible. Finally, even if we were to find that the military judge erred in admitting the statement, we would find the error harmless. Therefore, we decline to grant relief.

### Effective Assistance of Counsel

In the appellant's sixth AOE, he asserts that he was deprived of effective assistance of counsel.[6] The appellant avers that the findings and sentence should be set aside and that a rehearing should be ordered. We disagree.

In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set forth the standard for reviewing claims of ineffective assistance of (trial) defense counsel on appeal. The Court declared that:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction ... has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.* at 687, 104 S.Ct. 2052. These same standards are equally applicable before this court. *Scott,* 24 M.J. at 188. Moreover, in *Strickland,* the Supreme Court reasoned, that:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-

---

6. The appellant asserts the following deficiencies on the part of his civilian trial defense counsel: failed to challenge members who had knowledge of the appellant's prior conviction; failed to pursue double jeopardy objection; failed to object to improper Government evidence; and informed the members that the appellant asserted his rights during an interrogation.

guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.

466 U.S. at 689, 104 S.Ct. 2052 (internal citation omitted). Further, we review allegations of ineffective assistance of trial defense counsel, *de novo. United States v. McClain,* 50 M.J. 483, 487 (C.A.A.F.1999).

▆▆▆▆ We presume the competence of trial defense counsel. *United States v. Scott,* 24 M.J. 186, 188 (C.M.A.1987). To rebut the presumption of competence of trial defense counsel, the appellant is required to point to specific errors committed by his trial defense counsel, which, under prevailing professional norms, were unreasonable. *Id.* Further, the appellant must establish a factual foundation for a claim that his trial defense counsel's representation was ineffective. *United States v. Grigoruk,* 52 M.J. 312, 315 (C.A.A.F.2000). An appellant's sweeping, generalized accusations will not suffice. *Id.*

▆▆▆ We reject the appellant's contention that his trial defense counsel was ineffective because he committed "numerous harmful errors and omissions that had the cumulative effect of depriving the [a]ppellant of a fair trial." *See* Appellant's Brief of 29 May 2002 at 26. Further, we find that the appellant has failed to identify how any specific conduct on the part of his trial defense counsel was unreasonable under the circumstances.

We find the appellant's trial defense counsel effectively defended the appellant at trial on the charges. To the extent that the appellant's trial defense counsel disclosed to the members the fact that the appellant asserted his rights during an interrogation, we conclude that the trial defense counsel's action did not deprive the appellant of a reliable and fair trial. *Id.* We therefore find no prejudice. As such, we decline to grant relief.

### Prosecutorial Misconduct

▆▆▆ In the appellant's seventh AOE, submitted pursuant to *United States v. Grostefon,* 12 M.J. 431, 435 (C.M.A.1982), he asserts that the trial counsel committed prosecutorial misconduct when he gave extra-judicial statements to the news media, in violation of the ethics regulation governing Navy and Marine Corps judge advocates. The appellant avers that this court should set aside the findings and sentence. We disagree.

Review of the record clearly reveals that the potential for possible prejudice to the appellant was thoroughly explored by counsel for the parties and the military judge during *voir dire* of the potential members. We conclude that the military judge dissipated any possibility for potential prejudice to the appellant during the *voir dire* of the members. Further, we find that the military judge did not abuse his discretion when he ruled that the trial counsel's statements to the newspaper did not amount to prosecutorial misconduct. Therefore, we decline to grant relief.

### Incomplete Record of Trial

In the appellant's eighth AOE, he asserts that his record of trial is substantially incomplete due to missing portions from the transcript of the appellant's first court-martial. The appellant requests that this court order the Government to locate and produce certain missing pages from his first court-martial in order that they may be included in that first court-martial's record of trial for appellate review; or, if the missing pages cannot be located or reproduced, this court should grant the appellant appropriate relief as prescribed in accordance with R.C.M. 1103(f).

We need not discuss the legal issues raised by the appellant, however, because, we find no factual basis for the appellant's assertions. Upon our consideration of the original record of trial in the court's possession, those portions of the record of the 1996 proceedings purported to be missing were found contained within the original record of trial. This court subsequently ordered the clerk of this court to make available, if so requested by the appellant, a certified copy of those pages purported to be missing from the record of the 1996 proceedings. Navy–Marine Corps Court of Criminal Appeals Order of 10 Jun 2003. We further ordered the appellant to show cause, on or before 20 June 2003, as to why this court should not consider the record of trial from his first court-martial as

complete for purposes of appellate review. *Id.* The appellant elected not to respond. This assignment of error is without merit.

We have considered the appellant's contention that he is entitled to a new trial under the "doctrine of cumulative errors." We find no merit in it. We have also considered the appropriateness of his sentence in view of original assignment of error III and find this assignment of error to be without merit.

Senior Judge RITTER and Judge SUSZAN concur.

Judge HARRIS participated in this decision prior to his departure from the court.